**Carrie Ray**

| | |
|---|---|
| **From:** | sop@cscinfo.com |
| **Sent:** | Thursday, July 19, 2018 2:41 PM |
| **To:** | Carrie Ray |
| **Subject:** | Notice of Service of Process - Transmittal Number: 18454876 |

## NOTICE OF SERVICE OF PROCESS

# Transmittal Number: **18454876**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Menard, Inc. |
| **Entity I.D. Number:** | 0033810 |
| **Entity Served:** | Menard, Inc. |
| **Title of Action:** | Troy K. Scheffler vs. Menard, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Ramsey County District Court, Minnesota |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 07/19/2018 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Troy Scheffler
763-225-7702

**Primary Contact:**
Michael  O'Brien
Menard, Inc.

**Electronic copy provided to:**
Joseph Hanson
Casey Austin
Carrie Ray

1

**EXHIBIT A**

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882   |   sop@cscglobal.com**

| | |
|---|---|
| **State of Minnesota** | **District Court** |
| **County of Ramsey** | **Second Judicial District** |

| | |
|---|---|
| TROY K. SCHEFFLER, | Court File No.: |
| Plaintiff, | Case Type: Civil-Personal Injury |
| Vs. | |
| | **SUMMONS** |
| MENARD, INC., | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO:

Menard, Inc.
2345 Rice Street, Suite 230
Roseville, MN 55113

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The
Plaintiffs Complaint against you is attached to this summons. Do not throw these papers
away.  They are official papers that affect your rights. You must respond to this lawsuit
even though it may not yet be filed with the Court and there may be no court file number
on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**
You must give or mail to the person who signed this summons a written response called
an Answer within 20 days of the date on which you received this Summons. You must
send a copy of your Answer to the person who signed this summons located at:

Troy Scheffler
Plaintiff Pro Se
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written
response to the Plaintiffs Complaint. In your Answer you must state whether you agree or
disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be
given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 07-19-2018

Troy Scheffler
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702

2

**State of Minnesota**  
**County of Ramsey**

**District Court**  
**Second Judicial District**

---

TROY K. SCHEFFLER,  
as an individual, and on behalf  
of all others similarly situated,

                    Plaintiff,

vs.

MENARD, INC.,

                    Defendant.

Court File Number:  
Case Type: Civil-Personal Injury

**CLASS ACTION COMPLAINT**  
Jury Demanded

---

COMES NOW THE PLAINTIFF AND STATES HIS CAUSE OF
ACTION AS FOLLOWS:

### Introduction

Plaintiff Troy Scheffler sues Defendant Menard, Inc. under State and
Minnesota Common Law for unlawfully intercepting private oral
communications by him and all other unwitting and non-consenting
individuals within Defendant's retail store locations.

### Subject Matter Jurisdiction and the Parties

1.    Plaintiff Troy Scheffler is an adult individual domiciling at 26359
Shandy Trail, Merrifield, Crow Wing County, Minnesota 56465.

2.    Plaintiff sets forth events and circumstances below which
implicate prohibitions and civil remedies under United States law.

1

3.     Plaintiff prays for individual, general, compensatory damages in excess of $75,000.00, as set forth below.

4.     This court has subject matter jurisdiction as a court of general jurisdiction with Minn. Const. Art. VI, Minn. Stat. § 484.01

5.     The common nucleus of events, circumstances, and operative facts that Plaintiff sets forth below, and which give rise to this action, implicate prohibitions and civil remedies under Minnesota law.

6.     Plaintiff makes class claims under Rule 23 of the Minnesota Rules of Civil Procedure.

7.     Defendant Menard, Inc. is a business corporation with its principal place of business and corporate headquarters in the state of Wisconsin.

8.     Defendant Menard, Inc. has an agent for service of process in Minnesota located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

### Venue

9.     Plaintiff lays venue in the Ramsey County District Court, because the Defendant's Registered Office Address is located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

### Facts

10.   That Plaintiff suffers from agoraphobia with panic disorder.

11.   That on 03/16/2018, Plaintiff arrived at Defendant's "Menard's" retail store located at 15236 Dellwood Drive, Baxter, Crow Wing County, Minnesota 56425 at approximately 6:00PM to make a merchandise return.

12.   While waiting to make his return, Plaintiff randomly scanned different items in his visual vicinity.

13.   After a while he noticed a bulletin board to his right and near off to the left of the store's entrance doors.

14.   On said board, Plaintiff first noticed a completely random assortment of notices and documents.

15.   Said documents included items from anti-drug notices apparently directed to store employees, to business licenses, to safety recalls.

16.   Plaintiff's eyes finally wandered upon a small notice tucked near the bottom right of the board approximately 5"x4" amongst the aforementioned random documents littered across the board.

17.   Said notice stated, "NOTICE" in an approximate 1" font followed by "AUDIO MONITORING ON THESE PREMISES" in an approximate 1/4" font.

18.  Said sign indicated no qualification, limitation, or clarification to the explicit, plain statement, "NOTICE AUDIO MONITORING ON THESE PREMISES".

19.  Plaintiff found Defendant's notice, and asserted actions of audio monitoring and eavesdropping on customers wildly offensive, concerning, and shocking.

20.  Plaintiff had visited this particular Menard's store in Baxter, Minnesota at least 20 times in the past year.

21.  He has visited Defendant's other stores in both Minnesota and Wisconsin over 100 times in his lifetime.

22.  Plaintiff regarded the possibility of Defendant throughout each of these instances eavesdropping and/or recording private conversations without his knowledge or consent of as an incredibly distressing circumstance.

23.  Defendant's "Notice" that they audio monitor on premises is not conspicuously posted.

24.  That in no Menard's store is said notice conspicuously displayed.

25.  That in no Menard's store is the notice placed in an area in which could be noticed before an individual enters the store.

26.     The sign is so situated that, for an average customer entering the store, whether she or he have ordinary eyesight corrected or uncorrected, he would only be able to view the notice upon exiting through the entrance doors.

27.     Each of Defendant's store locations which Plaintiff has personally patronized has a turnstile and a gate which prevents and makes it highly unlikely that customers would ever exit through the entrance doors, and thus notice the sign stating, "NOTICE AUDIO MONITORING ON THESE PREMISES".

28.     On information and belief upon reasonable inquiry and years of personal experience as a Menard, Inc. customer, each and every Menard's store has turnstile and a gate which discourages, prevents, and thus makes it highly unlikely that customers would ever exit through the entrance doors, and thus notice the sign stating, "NOTICE AUDIO MONITORING ON THESE PREMISES".

28.5 That the particular Baxter store's turnstile has a sign that states with an arrow directing customers away from the direction of the notice, "Exit Thru [sic] Checkouts".

29.     That Plaintiff never consented to audio monitoring of his private

5

communications.

30.   That on Plaintiff's information and belief, based upon reading numerous print advertisements, viewing numerous television advertisement, and listening to numerous radio advertisements of Menard, Inc.'s stores over the years, Defendant does not publish the fact of its audio surveillance of its premises to the general public.

31.   That in the numerous prior visitations at Defendant's store locations that Plaintiff never was aware – nor made aware by any agent, representative, or employee of Menard, Inc. -- that Defendant audio monitored the premises.

32.   That Plaintiff has returned merchandise to this exact same Baxter, Minnesota location in the past and never noticed the sign, until 03/16/2018.

33.   That during numerous private conversations which Plaintiff has had with friends, family, and significant others in each instance within Defendant's store locations, that neither Defendant nor any agent or representative of Defendant was party to any of the conversations.

34.   That during conversations Plaintiff has with agents, employees, or representatives of Menard, Inc. in each instance within Defendant's

store locations, be they conversations with cashiers, clerks, or roaming customer assistance representatives, prior to 03/16/2018, no agent, employee, or representative of Menard, Inc. ever told Plaintiff that his verbal conversations within a Menard's store were monitored.

35.   That Minnesota Statute 626A.02 makes Defendant's conduct of using electronic equipment to eavesdrop on communications to which it is not party a criminal offense.

36.   That 18 U.S. Code §2511 makes Defendant's conduct of using electronic equipment to eavesdrop on communications to which it is not party a criminal offense.

37.   That under the Common Law of Minnesota, Plaintiff had a reasonable actual expectation that his personal conversations within the premises of Menard's stores would be private.

38.   That knowing such conduct was illegal emphasizes Plaintiff's reasonable and actual expectation of privacy, and the extreme nature of Defendant's conduct in violating that expectation.

39.   That all customers entering Defendant's stores have a reasonable expectation of privacy with regard to Defendant's conduct.

40.   That Defendant could easily use intercepted communications such

7

as private conversations about merchandise, competitors, product quality, or prices as a means to profit.

41.   That Defendant is a for-profit business corporation.

42.   That Defendant's primary purpose of existing is for profit.

43.   That on information and belief and reasonable inquiry by the Plaintiff that Defendant profits, and has profited by, recording and monitoring non-consenting customers.

44.   That Defendant is aware that if they conspicuously posted notice that they audio monitor that this would negatively impact business.

45.   That Defendant intentionally obscures notice that they audio monitor.

46.   That, on information and belief, that vast majority of United States citizens would not want to patronize a retail store that they knew spied on them by audio means.

47.   Shortly after Plaintiff asked the female employee assisting him with his return what the "Notice" meant and exactly how he was being monitored.

48.   Aforementioned female employee stated she had never noticed the sign before.

49.   Said employee literally works within a few feet of the sign and never noticed the sign.

50.   That the sign isn't conspicuous to even Defendant's employees.

51.   That an individual that had any hope of seeing the sign would already be inside the store so would already be subject to audio monitoring before any implied consent.

52.   That individuals who are blind or otherwise visually impaired would not be able to read Defendant's sign to ever consent.

53.   Said female employee then stated that there might not actually be audio monitoring devices, but that the sign may simply be there "to scare people".

54.   That Plaintiff was in fact scared that he had been or possibly had been audio monitored without his consent.

55.   That following the return of merchandise he sought out a manager.

56.   That Plaintiff then spoke with "Melissa" who stated she was a manager.

57.   That Plaintiff inquired who was being audio monitored, what was audio monitoring, and where the devices were located.

58.   Melissa stated that Defendant did indeed have and did employ independent audio intercepting devices placed in the store.

59.   Melissa intentionally refused to state who was being recorded and where the devices were located.

60.   This inflicted severe emotional distress upon Plaintiff as he could not determine the extent of his exposure to the non-consented monitoring of his oral communications within Defendant's stores.

61.   That Defendant's conduct in secretly intercepting any level of private and intimate conversations of Plaintiff in violation of Federal and State Law is extreme and outrageous.

62.   Plaintiff suffered damages.

## CLASS ALLEGATIONS

63.   Plaintiff brings this action individually, and as a class action, pursuant to Rule 23 of the Minnesota Rules of Civil Procedure, on behalf of all consumer-subjects in Minnesota as to Claim I below, of the following Class:

• All consumers, beginning two years before the filing of this Complaint and continuing through the resolution of this action, who entered one of Defendant's retail locations within the State;

64.  The Class is so numerous that joinder of all members is impracticable.

65.  Although the precise number of Class members is unknown to Plaintiff, Defendant has thousands if not hundreds of thousands of individuals who shop at their approximately 300 retail stores. Defendant's sales records and marketing studies would show an accurate number of patrons entering their stores over a two year period.

66.  Accordingly, Plaintiff estimates that the class size numbers in the hundreds of thousands.

67.  There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.

68.  The principal question is whether the Defendant violated Minnesota Statute 626A.13 by failing to obtain consent of individuals entering their numerous stores and then subsequently using equipment to intercept those individual's private oral communications which Defendant was not party to.

69.  Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal

theories.

70.   This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, as well as a risk of incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests, and the injuries to class members are amenable to class-wide injunctive relief to enjoin the Defendant from continued perpetration of spying on unwitting citizens.

71.   Whether certain individuals entered Defendant's locations can easily be determined by a ministerial inspection of Defendant's business records.

72.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate.

73.   The integrity of privacy being a bedrock right and expectation in

12

the State of Minnesota and the United States is a matter of paramount importance to the public and is most amenable to resolution by class action.

74.   A class action is a superior method for the fair and efficient adjudication of this controversy.

75.   The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the statutory damages are limited under Minnesota Statute 626A.13.

76.   Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims and varying adjudications in statutory damages.

77.   The identities of the Class members may easily be obtained from Defendant's records and Class participants can easily prove membership through dated sales receipts, credit card statements, etc. and other records common for production in class actions.

78.   That Defendant's stores even have machines the public can use to print out old receipts simply by inserting the credit card they used to make the purchase.

79.   Plaintiff will fairly and adequately protect and represent the

13

interests of the Class.

80.   The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class, and will be established by common proof.

81.   Resolution of the merits of these claims for all class members, and the conferring of common relief upon each and all class members,

82.   Moreover, Plaintiff can retain experienced counsel well versed in actions involving class actions and privacy law.

83.   Neither Plaintiff nor his preferred counsel have any interests which might cause them not to pursue this claim vigorously.

84.   That Plaintiff has prior relations with class counsel and will retain their services if he survives his individual claims and motions for class certification.

## Claims

### I.   *Minnesota Statute 626A.13*

85.   Plaintiff realleges and reasserts each and every claim and averment above.

86.    That Defendant has a policy of audio monitoring individuals within their store locations.

87.    That Plaintiff visited Defendant's Baxter store location at least 20 times in the past year and over 100 times in multiple stores over his lifetime.

88.    That in each visit he held private conversations with other individuals.

89.    That Defendant was not party to oral communications with Plaintiff while audio monitoring him.

90.    That Plaintiff never consented to Defendant's interception of his private oral communications.

91.    That Plaintiff seeks actual damages from emotional distress.

92.    That Plaintiff seeks treble damages.

93.    That Plaintiff seeks punitive damages.

94.    In the alternative, if actual damages are below $10,000, the court may assess $10,000 in statutory damages or $100 for each day of violation, whichever is greater.

## II. *Common Law Invasion of Privacy-Intrusion Upon Seclusion*

95.    Plaintiff realleges and reasserts each and every claim and

15

averment above.

96.   That Plaintiff visited Defendant's Baxter store location at least 20 times in the past year and over 100 times in multiple stores over his lifetime.

97.   That in each visit he held private conversations with other individuals.

98.   That Defendant did invade upon the seclusion of Plaintiff by using audio monitoring of his oral communications without his consent.

99.   That Plaintiff's private communications are his own independent affairs and concerns divorced from Defendant.

100.  That Defendant's conduct was highly offensive to Plaintiff.

101.  That Defendant's conduct would be highly offensive to any reasonable person.

102.  That Plaintiff did not consent to Defendant's intrusion.

103.  That Defendant does not reasonably seek consent to audio monitor any individuals inside Defendant's stores.

104.  Plaintiff suffered damages.

105.  Plaintiff suffered actual damages including emotional distress.

### III.  *Common Law-Intentional Infliction of Emotional Distress*

106.  Plaintiff realleges and reasserts each and every claim and averment above.

107.  That Plaintiff visited Defendant's Baxter store location at least 20 times in the past year and over 100 times in multiple stores over his lifetime.

108.  That Defendant intentionally audio monitors individuals without their consent.

109.  That until the last visit he did not know Defendant was intentionally audio monitoring his private communications.

110.  That at no time did Plaintiff give Defendant consent to audio monitor his oral communications.

111.  That Defendant was not party to Plaintiff's private oral conversations.

112.  That in the United States and the State of Minnesota, intercepting private communications in violation of state and federal law is extreme and highly offensive.

113.  That United States and Minnesota law holds privacy in high regard.

114.  That when he did finally view Defendant's "Notice" that he was

told by Defendant's employee it was probably there to "scare" individuals.

115. That the sign and the possibility that any of countless private communications made by Plaintiff were intercepted caused Plaintiff severe emotional distress regardless if he had indeed been audio monitored.

116. That in an effort by Plaintiff to mitigate his distress, Defendant's employee Melissa exacerbated that distress by verifying that Defendant did in fact audio monitor and that she would be keeping who and where a secret.

117. Plaintiff suffered damages.

118. Plaintiff suffered actual damages including emotional distress.

**WHEREFORE**, Plaintiff Troy Scheffler prays for the following relief against the named Defendant:

A. Judgment in the favor of Plaintiff against Defendant;

B. Certification of the Class and naming Plaintiff as representative for the Class;

C. Statutory and actual damages;

D. Treble damages;

E. Punitive damages;

F. Costs and disbursements in accordance with law;

G. Prejudgment interest in accordance with law;

H. Reasonable Attorney Fees;

I. Grant Plaintiff and the Class leave to amend the Complaint to

conform to evidence later produced; and

J. Such other legal or equitable relief as this court is pleased to grant.

### PLAINTIFF DEMANDS A TRIAL BY JURY.

### VERIFICATION

Having reviewed the above complaint, plaintiff Troy Scheffler affirms
under penalty of law that all statements above, excluding those made
on information and belief, are true to the best of Plaintiff's present
knowledge.

Date: 07-19-2018

Troy Scheffler
Plaintiff Pro Se
26359 Shandy Trl
Merrifield, MN 56465
763-225-7702

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Troy K. Scheffler,

      Plaintiff,

v.

Menard, Inc.,

      Defendants.

Case Type:  Personal Injury
Court File No.:
Judge:

**DEFENDANT'S ANSWER TO
PLAINTIFF'S CLASS ACTION
COMPLAINT**

---

Defendant Menard, Inc. ("Defendant") for its Answer to Plaintiff's Class Action Complaint, states and alleges as follows:

1.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.    No response is required to the statements made in Paragraph 3 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.    Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.    No response is required to the statements made in Paragraph 6 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits it has an agent for service of process located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

10. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

11. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

12. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

13. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

14. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

15. Defendant admits a bulletin board in the Baxter store contains various notices.

16. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

17.   Defendant admits that on or about March 16, 2018, there was a notice posted on the bulletin board in the Baxter store that stated, "Audio monitoring on these premises."

18.   Defendant admits that on or about March 16, 2018, there was a notice posted on the bulletin board in the Baxter store that stated, "Audio monitoring on these premises."

19.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

20.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

21.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

22.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint

25.   Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.   Defendant is without sufficient information to either admit or deny whether each of Defendant's store locations which Plaintiff has personally patronized has a turnstile and a gate as

alleged in Paragraph 27 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

28.5  Defendant admits there is a sign that states "Exit Thru Checkouts" in the Baxter store.

29.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

30.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

31.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

32.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

33.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

34.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

35.    The allegations contained in Paragraph 35 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

36.    The allegations contained in Paragraph 36 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

37.    Defendant is without sufficient information to either admit or deny what Plaintiff's actual expectations were and, therefore, denies the same and places Plaintiff to his strict proof thereof.  To the extent the allegations contained in Paragraph 37 of the Plaintiff's Complaint purport to set forth legal conclusions, no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

38.    Defendant is without sufficient information to either admit or deny what Plaintiff's actual expectations were and, therefore, denies the same and places Plaintiff to his strict proof thereof.  To the extent the allegations contained in Paragraph 38 of the Plaintiff's Complaint purport to set forth legal conclusions, no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

39.    The allegations contained in Paragraph 39 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    The allegations contained in Paragraph 40 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.   Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.   Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.   Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 46 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

47.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 47 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

48.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

49.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

50.   Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.   Defendant admits notices posted on store bulletin boards are inside the stores but denies the remainder of the allegations contained in Paragraph 51 of the Complaint.

52.   Defendant admits that individuals who are blind cannot read a written sign but denies the balance of the allegations contained in Paragraph 52 of the Complaint.

53.   Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.  Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

55.  Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 55 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

56.  Defendant admits the allegations contained in Paragraph 56 of the Complaint.

57.  Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58.  Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.  Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60.  Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.  Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.  Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.  The allegations contained in Paragraph 63 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.  Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.  Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.  Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.  Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.  The allegations contained in Paragraph 68 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is

required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    The allegations contained in Paragraph 70 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant admits its stores have kiosks at which customers can print out old receipts.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.    Paragraph 81 of Complaint does not contain a complete sentence.  To the extent it contains any allegations, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 82 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

83.    Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 83 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

84.    Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 84 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

85.    No response is required to the statements made in Paragraph 85 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 87 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

88.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 88 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

89.    Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.    Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.    The allegations contained in Paragraph 91 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.   The allegations contained in Paragraph 92 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.   The allegations contained in Paragraph 93 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.   The allegations contained in Paragraph 94 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

95.   No response is required to the statements made in Paragraph 95 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 96 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

97.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 97 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

98.   Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 99 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    No response is required to the statements made in Paragraph 106 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 107 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 109 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

110.    Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. The allegations contained in Paragraph 112 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

113. The allegations contained in Paragraph 113 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

114. Defendant admits a manager told Plaintiff the sign may have been to "scare people from theft or anything like that," and denies the remainder of the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendants denies that Plaintiff and/or putative class members are entitled to any of the relief demanded in the WHEREFORE clause of the Complaint.

120. Defendant denies each and every other allegation contained in the Complaint not specifically admitted herein.

## FIRST DEFENSE

121. Some or all of the claims alleged in the Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

122. Some or all of the claims alleged in the Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

123. Plaintiff failed to reasonably mitigate his claimed damages.

### FOURTH DEFENSE

124. Some of the claims and/or allegations alleged in the Complaint are barred, in whole or in part, by the theories of estoppel, illegality, laches, and waiver.

### FIFTH DEFENSE

125. Claims for punitive damages alleged in the Complaint are barred by Minn. Stat. § 549.191.

### SIXTH DEFENSE

126. Plaintiff is not entitled to class certification because the allegations contained in the Complaint fail to meet the requirements of Rule 23 of the Minnesota Rules of Civil Procedure.

### SEVENTH DEFENSE

127. As a separate and alternative affirmative defense, Defendant alleges that the claims contained in the Complaint as to any particular but unnamed putative class member may be barred by any or all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure.  The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses not specifically set forth above cannot be determined at this time, and Defendant reserves its rights to allege such affirmative defenses at an appropriate time.

WHEREFORE, Defendant prays for judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Awarding Defendant its costs and disbursements incurred herein; and

3. Awarding such other and further relief as this Court deems just and proper.

Dated: _____8/7/18_____     By: _____
                                 Steven E. Tomsche, Esq. (#190561)
                                 Jessica C. Richardson (#32324X)
                                 **TOMSCHE, SONNESYN & TOMSCHE, P.A.**
                                 8401 Golden Valley Road, Suite 250
                                 Minneapolis, MN 55427
                                 Telephone:  (763) 521-4499
                                 Email:  stomsche@tstlaw.com

                                 *Attorneys for Defendant Menard, Inc.*

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

_____
Jessica C. Richardson (#32324X)

STATE OF MINNESOTA   )
                              )
                              ) s.s.       **AFFIDAVIT OF SERVICE BY MAIL**
                              )
COUNTY OF HENNEPIN   )

Michele Erickson, being first duly sworn, deposes and says:

That on August 7, 2018, she served the following:

> ➢ **Defendant's Answer to Plaintiff's Class Action Complaint**

upon the following parties and/or attorneys representing the parties as indicated by depositing true and correct copies thereof in the U.S. Mail in the City of Minneapolis, Hennepin County, Minnesota, with postage prepaid in an envelope directed and addressed to said attorneys.

**Troy K. Scheffler**
**26359 Shandy Trail**
**Merrifield, MN 56465**

_____
Michele Erickson

Subscribed and sworn to before me

on this 7th day of August, 2018.

_____
Notary Public

VALERIE J. JOHNSON
Notary Public
MINNESOTA
My Commission Expires January 31, 2020

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Troy K. Scheffler,

      Plaintiff,

v.

Menard, Inc.,

      Defendants.

Case Type:  Personal Injury
Court File No.:
Judge:

**DEFENDANT'S AMENDED
ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT**

---

Defendant Menard, Inc. ("Defendant") for its Answer to Plaintiff's Class Action Complaint, states and alleges as follows:

1.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

2.   Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.   No response is required to the statements made in Paragraph 3 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.   Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.   Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.   No response is required to the statements made in Paragraph 6 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.   Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.   Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.   Defendant admits it has an agent for service of process located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

10.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

11.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

12.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

13.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

14.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

15.   Defendant admits a bulletin board in the Baxter store contains various notices.

16.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

17.   Defendant admits that on or about March 16, 2018, there was a notice posted on the bulletin board in the Baxter store that stated, "Audio monitoring on these premises."

18.   Defendant admits that on or about March 16, 2018, there was a notice posted on the bulletin board in the Baxter store that stated, "Audio monitoring on these premises."

19.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

20.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

21.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

22.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

23.   Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.   Defendant denies the allegations contained in Paragraph 24 of the Complaint

25.   Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.   Defendant is without sufficient information to either admit or deny whether each of Defendant's store locations which Plaintiff has personally patronized has a turnstile and a gate as

alleged in Paragraph 27 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

28.5    Defendant admits there is a sign that states "Exit Thru Checkouts" in the Baxter store.

29.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 29 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

30.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

31.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 31 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

32.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

33.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 33 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

34.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 34 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

35.    The allegations contained in Paragraph 35 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

36.    The allegations contained in Paragraph 36 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

37.    Defendant is without sufficient information to either admit or deny what Plaintiff's actual expectations were and, therefore, denies the same and places Plaintiff to his strict proof thereof.  To the extent the allegations contained in Paragraph 37 of the Plaintiff's Complaint purport to set forth legal conclusions, no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

38.    Defendant is without sufficient information to either admit or deny what Plaintiff's actual expectations were and, therefore, denies the same and places Plaintiff to his strict proof thereof.  To the extent the allegations contained in Paragraph 38 of the Plaintiff's Complaint purport to set forth legal conclusions, no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

39.    The allegations contained in Paragraph 39 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    The allegations contained in Paragraph 40 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43.   Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.   Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.   Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 46 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

47.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 47 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

48.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

49.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 49 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

50.   Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.   Defendant admits notices posted on store bulletin boards are inside the stores but denies the remainder of the allegations contained in Paragraph 51 of the Complaint.

52.   Defendant admits that individuals who are blind cannot read a written sign but denies the balance of the allegations contained in Paragraph 52 of the Complaint.

53.   Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 54 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

55.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 55 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

56.   Defendant admits the allegations contained in Paragraph 56 of the Complaint.

57.   Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58.   Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.   Defendant admits the allegations contained in Paragraph 59 of the Complaint.

60.   Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.   Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.   Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.   The allegations contained in Paragraph 63 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.   Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.   Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.   Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.   Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.   The allegations contained in Paragraph 68 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is

required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    The allegations contained in Paragraph 70 of the Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.    Defendant admits its stores have kiosks at which customers can print out old receipts.

79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.    Paragraph 81 of Complaint does not contain a complete sentence.  To the extent it contains any allegations, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.    Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 82 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

Filed in Second Judicial District Court
8/9/2018 1:28 PM
Ramsey County, MN

83.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 83 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

84.   Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 84 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

85.   No response is required to the statements made in Paragraph 85 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.   Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 87 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

88.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 88 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

89.   Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.   Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.   The allegations contained in Paragraph 91 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.   The allegations contained in Paragraph 92 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.   The allegations contained in Paragraph 93 of the Complaint summarize Plaintiff's opinion as to the nature and theory of Plaintiff's case, and no response to those allegations is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.   The allegations contained in Paragraph 94 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

95.   No response is required to the statements made in Paragraph 95 of the Complaint.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 96 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

97.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 97 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

98.   Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 99 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

100.   Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.   Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.   Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.   Defendant denies the allegations contained in Paragraph 104.

105.   Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.   No response is required to the statements made in Paragraph 106 of the Complaint. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 107 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

108.   Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.   Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 109 of the Complaint and, therefore, denies the same and places Plaintiff to his strict proof thereof.

110.   Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.   Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. The allegations contained in Paragraph 112 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

113. The allegations contained in Paragraph 113 of Plaintiff's Complaint purport to set forth legal conclusions to which no responsive pleading is required, and Defendant denies any allegations contained therein that are not conclusions of law.

114. Defendant admits a manager told Plaintiff the sign may have been to "scare people from theft or anything like that," and denies the remainder of the allegations contained in Paragraph 114 of the Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendants denies that Plaintiff and/or putative class members are entitled to any of the relief demanded in the WHEREFORE clause of the Complaint.

120. Defendant denies each and every other allegation contained in the Complaint not specifically admitted herein.

## FIRST DEFENSE

121. Some or all of the claims alleged in the Complaint fail to state a claim upon which relief may be granted.

## SECOND DEFENSE

122. Some or all of the claims alleged in the Complaint are barred by the applicable statute of limitations.

**THIRD DEFENSE**

123. Plaintiff failed to reasonably mitigate his claimed damages.

**FOURTH DEFENSE**

124. Some of the claims and/or allegations alleged in the Complaint are barred, in whole or in part, by the theories of estoppel, illegality, laches, and waiver.

**FIFTH DEFENSE**

125. Claims for punitive damages alleged in the Complaint are barred by Minn. Stat. § 549.191.

**SIXTH DEFENSE**

126. Plaintiff is not entitled to class certification because the allegations contained in the Complaint fail to meet the requirements of Rule 23 of the Minnesota Rules of Civil Procedure.

**SEVENTH DEFENSE**

127. As a separate and alternative affirmative defense, Defendant alleges that the claims contained in the Complaint as to any particular but unnamed putative class member may be barred by any or all of the affirmative defenses contemplated by Rule 8.03 of the Minnesota Rules of Civil Procedure. The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses not specifically set forth above cannot be determined at this time, and Defendant reserves its rights to allege such affirmative defenses at an appropriate time.

**EIGHTH DEFENSE**

128. Affirmatively allege that the Plaintiff's pretended cause of action may be reduced by their fault as defined by Minn. Stat. § 604.01, subd. 1(a).

**WHEREFORE**, Defendant prays for judgment as follows:

1.    Dismissing Plaintiff's Complaint with prejudice;

2.    Awarding Defendant its costs and disbursements incurred herein; and

3.    Awarding such other and further relief as this Court deems just and proper.

Dated: August 8, 2018

By: _____

Steven E. Tomsche, Esq. (#190561)
Jessica C. Richardson, Esq. (#32324X)
Beth L. LaCanne, Esq. (#0397023)
**TOMSCHE, SONNESYN & TOMSCHE, P.A.**
8401 Golden Valley Road, Suite 250
Minneapolis, MN 55427
Telephone: (763) 521-4499
Email:  stomsche@tstlaw.com
          jrichardson@tstlaw.com
          blacanne@tstlaw.com
*Attorneys for Defendant Menard, Inc.*

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

_____
Beth L. LaCanne, Esq. (#0397023)

STATE OF MINNESOTA    )
                                  )
                                  ) s.s.                 **AFFIDAVIT OF SERVICE BY MAIL**
                                  )
COUNTY OF HENNEPIN    )

Michele Erickson, being first duly sworn, deposes and says:

That on August 8, 2018, she served the following:

➢ **Defendant's Amended Answer to Plaintiff's Class Action Complaint**

upon the following parties and/or attorneys representing the parties as indicated by depositing true and correct copies thereof in the U.S. Mail in the City of Minneapolis, Hennepin County, Minnesota, with postage prepaid in an envelope directed and addressed to said attorneys.

**Troy K. Scheffler**
**26359 Shandy Trail**
**Merrifield, MN 56465**

_Michele A. Erickson_
Michele Erickson

Subscribed and sworn to before me

on this 8th day of August, 2018.


Notary Public

VALERIE J. JOHNSON
Notary Public
MINNESOTA
My Commission Expires January 31, 2020